NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MAK TELECOM, INC., | : | |
| | : | Civ. No. 04-3817 (GEB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| RAAID THABATA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**BROWN, Chief Judge**

      This matter comes before the Court upon the following motions: (1) plaintiff MAK Telecom, Inc.'s ("MAK") motion for civil contempt and summary judgment on Counts I and VI of its Complaint, and (2) defendant Raaid Thabata's ("Thabata") cross motion for civil contempt and summary judgment.  The Court decided the motions based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the parties' respective motions for summary judgment and civil contempt are denied.

**I.  BACKGROUND**

      MAK sells prepaid long distance telephone cards, including a line of cards utilizing the "Big Shark" mark.  Thabata is in the same business as MAK and was at one time in business with Kareem Qattous, MAK's president, as a different corporate entity involved in selling prepaid long distance telephone cards.

      Thabata stated that he first learned of MAK's "Big Shark" cards in February 2002 when

he was partners with Qattous. (Thabata Dep. at 34.) Thabata's brief now alleges that the card was first mentioned in February 2003. (Thabata's Br. at 12.) Thabata stated that he began selling prepaid long distance telephone cards under the designation "Real Shark" in April 2003. (Thabata Dep. at 43.) However, Thabata now alleges that the "Real Shark" cards did not come out until August 2004. (Thabata Br. at 18.) Qattous stated that MAK began selling cards under the "Big Shark" line around August 2003 and stopped around April 2004. (Qattous Dep. at 62-64.) On or about July 21, 2004, MAK filed a copyright registration application for the "Big Shark" cards. (See Decl. of Robert S. Lipton at Exhibit 5.) As of July 20 and 26, 2004, MAK is the owner of two New Jersey trademark registrations for the "Big Shark" trademark. (See Decl. of Robert S. Lipton at Exhibit 6.)

MAK filed its Complaint on August 10, 2004, against Thabata and several entities he is believed to do business as (collectively referred to as "Defendants"), alleging claims of false designation of origin, under 15 U.S.C. § 1125(A)(1) (Count I); unfair competition, under N.J. Stat. Ann. § 56:4-1 and -2 (Count II); unfair competition, under the common law of New Jersey (Count III); violation of N.J. Stat. Ann. § 56:3-13.16 (Count IV); dilution under N.J. Stat. Ann. § 56:3-13.20 (Count V); and infringement of copyright (Count VI). On September 20, 2004, then Chief Judge Bissell held a hearing on MAK's application for a preliminary injunction and entered a preliminary injunction against both parties. That same day, Magistrate Judge Haneke entered an Order permitting discovery to continue until November 1, 2004, upon which date the matter was to be stayed and sent to mediation.

Thereafter, on January 27, 2006, MAK filed the instant motion for partial summary judgment and civil contempt, followed by Thabata's cross motion on March 7, 2006.

2

## II. DISCUSSION

### A. Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof

3

on a claim.  Rather, "the determination of whether a given factual dispute requires submission to

a jury must be guided by the substantive evidentiary standards that apply to the case."  Anderson,

477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported

issues identified in its motion, except those for which the nonmoving party has provided

evidence to show that a question of material fact remains.  See Celotex, 477 U.S. at 324.  Put

another way, once the moving party has properly supported its showing of no triable issue of fact

and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be

"supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322

n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to

the material facts."  Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S.

at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some*

alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no *genuine* issue of *material*

fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own

affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324; see also

Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule

56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of

an affidavit.");  Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974

F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a

4

genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

B. Standard for Civil Contempt

To establish civil contempt against a party, the Court "must find that (1) a valid court order existed, (2) the [party] had knowledge of the order, and (3) the [party] disobeyed the order." John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003)(quoting Harris v. City of Philadelphia, 47 F.3d 1311, 1326 (3d Cir. 1995)). However, "[t]he validity of the underlying order is not open to consideration." Harris, 47 F.3d at 1326 (citations omitted). Furthermore, "[a] contempt citation should not be granted if 'there is ground to doubt the wrongfulness of' the [party]'s conduct." Id. (citation omitted).

5

**C. Both Motions for Summary Judgment are Denied due to Genuine Issues of Material Fact**

MAK moved for summary judgment on Counts I and VI of its Complaint, alleging that Thabata infringed on its trademark and that Defendants infringed on its copyright. Thabata cross moved for summary judgment on the basis that MAK stole and then infringed the "Shark" name and mark from him and that MAK's cards thus infringed his "Shark" copyright.

The parties, however, failed to present undisputed facts sufficient for the Court to grant summary judgment on the respective motions. Pursuant to Local Civil Rule 56.1, in conjunction with motions for summary judgment under Federal Rule 56, the parties are required to submit statements setting forth which material facts there does exist or does not exist a genuine issue. The parties failed to do so here, and the conclusory statements in their briefs fail as a substitute. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that the object of motions for summary judgment under Federal Rule of Civil Procedure 56 "is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit.").

Furthermore, although the following is not exhaustive, it is clear from the parties' briefs that there are several issues of material fact precluding a grant of summary judgment for either side. First, there is a genuine issue as to when the respective cards were on the market, which is critical towards determining whether the other cards were likely to cause confusion leading to a claim for trademark infringement. Second, there is a genuine issue as to whether there is substantial similarity between the two works sufficient to bring a claim of copyright infringement. Consequently, triable issues of fact exist and the Court must deny both parties' motions for summary judgment.

6

Although not affecting disposition of the motion, the Court further notes that the argument section of Thabata's brief in opposition to MAK's motion and in support of his cross motion is largely a verbatim copy of MAK's argument, with the parties reversed and some facts interchanged. The legal authority and the standards ought to be the same in both briefs, but the copying evident here is patently obvious to the Court and reflects poorly on counsel.

D. <u>Both Motions for Civil Contempt are Denied for Insufficient Basis</u>

In its motion for summary judgment, MAK additionally moved for civil contempt against Thabata for violating the preliminary injunction entered by Judge Bissell and the scheduling Order entered by Magistrate Judge Haneke. In response, Thabata alleged that MAK violated the scheduling Order in denying his request for the production of documents and sought civil contempt sanctions against MAK.

The Court has been unable to obtain a record of the terms of the injunction entered by Judge Bissell. The docket reflects the date of the hearing, but contains no text Order, so the Court can only assume that it was entered orally. Neither party has presented a transcript of the proceedings, if any is available, to guide the Court in determining whether either party has violated the terms of the injunction. Without the precise terms of the order available, the Court has grounds to "doubt the wrongfulness" of Thabata's conduct, and consequently must deny MAK's motion for civil contempt.

As to Thabata's motion, there is no showing that MAK violated a Court Order in failing to provide discovery, where the only allegations of discovery requests are to be "glean[ed]" from various exchanges in the deposition of Qattous. (See Thabata's Br. at 30.) Furthermore, the magistrate judge's September 20, 2004 Order specifically instructed the parties to "bring any

7

discovery disputes to the attention of the Magistrate Judge in an informal manner so as to expedite the discovery process." The deposition of Qattous occurred on January 13, 2005, and it appears to the Court that Thabata made no mention of this alleged discovery dispute to the magistrate judge prior to the instant motion, over a year following the alleged requests. Consequently, the Court must deny Thabata's motion for civil contempt. Additionally, MAK's allegation that Thabata violated the scheduling Order is without merit because MAK similarly failed to bring this alleged deficiency to the attention of the magistrate judge pursuant to the terms of the Order.

## III. CONCLUSION

Based on the foregoing, the Court denies MAK's motion for partial summary judgment as well as Thabata's cross motion for same. Additionally, the Court denies MAK's motion for civil contempt as well as Thabata's cross motion for same. Furthermore, the Court refers the parties to Magistrate Judge Wigenton for scheduling of a Final Pretrial Conference.

Dated: April 17, 2006

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.

8